Wira Reagan KOJONGIAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–70712.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 21, 2013.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Justin Robert Markel, Trial, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM **

Wira Reagan Kojongian, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider and/or reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kojongian's motion to reconsider as untimely because it was filed more than 30 days after the BIA's decisions. *See* 8 C.F.R. § 1003.2(b)(2).

Further, the BIA did not abuse its discretion in denying the motion, construed as a motion to reopen, as untimely and number-barred because Kojongian filed the second motion over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kojongian failed to demonstrate changed circumstances in Indonesia to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder,* 597 F.3d 983, 988–89 (9th Cir. 2010).

The BIA also considered Kojongian's claims in light of the court's decisions in *Wakkary v. Holder,* 558 F.3d 1049 (9th Cir.2009), and *Tampubolon v. Holder,* 610 F.3d 1056 (9th Cir.2010), and concluded that Kojongian failed to demonstrate exceptional circumstances to warrant reopening under the its sua sponte authority. We lack jurisdiction to review the BIA's decision not to reopen under its sua sponte authority. *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011).

Finally, we reject Kojongian's requests that the court reconsider its stance regarding a pattern or practice of persecution or

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

require the BIA to reconsider his motion on this basis.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.